**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wenzhou Chuyin Electronics Co., Ltd., | Case No. 1:26-cv-07324 |
| Plaintiff, | COMPLAINT FOR DESIGN PATENT INFRINGEMENT |
| v. | JURY TRIAL DEMANDED |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | |
| Defendants. | |

## COMPLAINT

Plaintiff Wenzhou Chuyin Electronics Co., Ltd. ("Chuyin" or "Plaintiff") brings this action for design patent infringement against the Partnerships and Unincorporated Associations identified on Schedule A (collectively, "Defendants").

### NATURE OF THE ACTION

1. This action arises from infringement of the D'423 Patent, U.S. Design Patent No. D1,109,423 S, titled "Cordless Hair Straightening Comb," which issued on January 13, 2026.

2. Defendants operate commercial Amazon seller accounts and online storefronts that advertise, offer for sale, sell, and/or import cordless hair straightening comb products that copy the ornamental design claimed in the D'423 Patent or are colorable imitations of that design.

3. Plaintiff's investigation preserved product listings and test-purchase/order screenshots, collected available seller/business information, and documented orders placed for shipment to Chicago, Illinois 60661.

4. Plaintiff seeks injunctive relief, damages, Defendants' total profits under 35

U.S.C. § 289, costs, and other relief available under the Patent Act.

## THE PARTIES

5.      Plaintiff Wenzhou Chuyin Electronics Co., Ltd. is a company organized under the laws of the People's Republic of China and located in Zhejiang, China. Plaintiff is identified on the face of the D'423 Patent as the applicant for the patented design and is the owner of all right, title, and interest in and to the D'423 Patent, including the right to sue and to recover for past and ongoing infringement.

6.      Defendants are individuals, partnerships, unincorporated associations, and/or business entities that operate the Amazon seller aliases and storefronts listed on Schedule A. Defendants conceal or obscure their true identities and locations through marketplace aliases, incomplete seller profile information, and rotating product listings.

7.      Schedule A identifies the seller aliases, business names/seller information, and available order evidence associated with the accused Amazon listings.

8.      The accused Amazon listings and products are reflected in Plaintiff's investigation and preserved Amazon evidence associated with the Defendants identified in Schedule A.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

10.      This Court has personal jurisdiction over Defendants because Defendants have purposefully directed infringing sales and offers for sale into the United States and Illinois through Amazon.com, accepted payment for accused products, and shipped or offered to ship

accused products to consumers in this District. In the alternative, to the extent any Defendant is not subject to general personal jurisdiction in any single state, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law and Defendants have sufficient aggregate contacts with the United States as a whole consistent with due process.

11.    Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because each Defendant is a foreign entity not resident in the United States and therefore may be sued in any judicial district. Defendants have also committed acts of infringement directed to this District, including offers for sale and sales to consumers in Chicago, Illinois.

12.    Joinder of Defendants is proper under Federal Rule of Civil Procedure 20. Plaintiff's claims against all Defendants arise out of the same series of transactions or occurrences and share common questions of law and fact, including whether the accused products infringe the same D'423 Patent. The accused listings copy the same patented design and share recurring product titles, listing templates, and marketing copy (including the "Go Brush Pro" designation and distinctive non-standard phrasing), reflecting common source materials, suppliers, or listing practices documented in Plaintiff's investigation and preserved Amazon evidence. On information and belief, the accused listings are operated by related actors and/or sourced through a common supply chain. In the alternative, and to the extent the relationships among Defendants and the true identities behind the seller aliases require confirmation, expedited discovery is necessary to establish those relationships, and joinder is appropriate at the pleading stage to permit that discovery.

## FACTUAL BACKGROUND

13.    The USPTO issued the D'423 Patent on January 13, 2026. The patent

identifies the ornamental design for a cordless hair straightening comb and contains one claim: the ornamental design for a cordless hair straightening comb as shown and described.

14. The D'423 Patent identifies Shangjing Xie as inventor, application number 29/954,591, and filing date July 28, 2024. A true and correct copy of the D'423 Patent is attached as Exhibit 1.

15. Plaintiff and/or its authorized representatives investigated Amazon listings for cordless hair straightening combs that copy the patented design. The investigation preserved product-page snapshots and order screenshots, and collected available seller/business information for accused products.

16. Plaintiff's investigation and preserved Amazon evidence identified accused Amazon listings for cordless hair straightening combs that copy the claimed design. The Defendants named in Schedule A are the seller accounts for which Plaintiff preserved order evidence reflecting orders placed for shipment to this District; other accused listings identified in Plaintiff's investigation are not named in this action.

17. The preserved Amazon evidence shows that several accused products are marketed using substantially similar titles and recurring phrases such as "Go Brush Pro," "2026," "Cordless Hair Straightener Brush," "Portable," "Travel," "3 Temperature Settings," and "Fast Heating."

18. Plaintiff's investigation identified recurring product titles, listing patterns, marketing copy, and non-standard phrasing across the accused listings, supporting the inference that the listings share common templates, common source materials, or coordinated marketplace operations.

19. Plaintiff placed or preserved order evidence for accused products sold by the

Defendants identified on Schedule A, with Amazon order screenshots showing orders placed for shipment to Chicago, Illinois 60661.

20.    Defendants are not authorized by Plaintiff to make, use, sell, offer to sell, or import products embodying the design claimed in the D'423 Patent or any colorable imitation thereof.

### COUNT I - INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,109,423 S

21.    Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

22.    The D'423 Patent is valid, enforceable, and in full force and effect.

23.    To an ordinary observer familiar with the prior art, the accused products sold by the Defendants identified in Schedule A and reflected in Plaintiff's preserved Amazon evidence are substantially the same as the patented design or are colorable imitations thereof, such that an ordinary observer would be deceived into purchasing the accused products believing them to be the patented design.

24.    Defendants have infringed and continue to infringe the D'423 Patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the accused products reflected in Plaintiff's preserved Amazon evidence and associated with the Defendants identified in Schedule A, and products that are not colorably different.

25.    Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm unless enjoined. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

26.    Plaintiff is entitled to damages adequate to compensate for Defendants' infringement under 35 U.S.C. § 284 and to Defendants' total profits under 35 U.S.C. § 289.

### PRAYER FOR RELIEF

(1) Enter judgment that Defendants have infringed the D'423 Patent;

(2) Preliminarily and permanently enjoin Defendants and all persons acting in active concert or participation with them from making, using, offering to sell, selling, importing, advertising, promoting, distributing, or transferring any product that infringes the D'423 Patent or is not colorably different from the accused products;

(3) Order Defendants and relevant marketplace/payment intermediaries to disable or remove infringing listings and preserve documents, accounts, and proceeds relating to the accused products;

(4) Award Plaintiff Defendants' total profits under 35 U.S.C. § 289 and damages under 35 U.S.C. § 284;

(5) Award Plaintiff its costs and, if supported by the record, reasonable attorneys' fees;

(6) Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 23, 2026

Respectfully submitted,

/s/ *Qin Zhuang*
Qin Zhuang
870 Sunset Ave, Haworth, NJ 07641
201-905-4195
zhuangqin@yuntinglaw.com
***Counsel for Plaintiff***