**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Wenzhou Chuyin Electronics Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 1:26-cv-07324<br><br>Honorable Joan H. Lefkow<br><br>Magistrate Judge Daniel P. McLaughlin |

**PRELIMINARY INJUNCTION ORDER**

This matter is before the Court on Plaintiff Wenzhou Chuyin Electronics Co., Ltd.'s ("Plaintiff") Motion for a Preliminary Injunction. The cordless hair-straightening combs marketed under the "Go Brush Pro" designation and offered for sale through the Amazon storefronts identified on the sealed Amended Schedule A are referred to herein as the "Accused Products." Defendants having been served with notice of these proceedings in the manner authorized by Paragraph 5 of the Temporary Restraining Order, and the Court having considered the Motion, the supporting Memorandum of Law, the declarations and exhibits submitted in support of Plaintiff's requests for injunctive relief, and the sealed Amended Schedule A, the Court FINDS as follows:

a. Plaintiff has shown a likelihood of success on the merits of its claim that the Defendants identified on the sealed Amended Schedule A infringe U.S. Design Patent No. D1,109,423 S (the "D'423 Patent");

b. Plaintiff has shown that, absent the requested relief, it will suffer irreparable harm for which there is no adequate remedy at law, including lost sales, price erosion, diminished design exclusivity, and harm to Plaintiff's goodwill and market position;

c. the balance of equities and the public interest favor the requested relief; and

d. absent a continuing restraint, Defendants are likely to resume the accused sales, transfer their storefronts to new aliases, and dissipate the proceeds of the accused sales, rendering any judgment uncollectible.

IT IS THEREFORE ORDERED as follows:

1. Defendants, and all persons acting in active concert or participation with them, are PRELIMINARILY RESTRAINED and ENJOINED from making, using, offering to sell, selling, or importing into the United States any product that infringes the D'423 Patent or that is not colorably different from the Accused Products.

2. Defendants, and their payment processors and financial institutions, are RESTRAINED from transferring, withdrawing, or otherwise disposing of up to $50,000 in funds held in Defendants' Amazon and payment-processor accounts, pending final judgment in this action or further order of the Court.

3. Amazon.com, Inc. and the relevant payment processors (including Amazon Pay) shall continue to restrain and preserve up to $15,000 in funds held in accounts associated with Defendants and the listings for the Accused Products and shall continue to preserve the related account and transaction records, pending final judgment in this action or further order of the Court.

4. Plaintiff is authorized to continue the expedited discovery permitted by Paragraph 4 of the Temporary Restraining Order, including service of interrogatories and requests for production on Defendants and Rule 45 subpoenas on Amazon.com, Inc. and the relevant payment processors, limited to: (a) Defendants' true names and known contact information; (b)

identifiers for Defendants' Amazon storefronts and associated marketplace, payment-processing, and financial accounts; (c) records sufficient to show sales of the Accused Products; and (d) current account balances and funds held in connection with Defendants' Amazon storefronts and sales of the Accused Products.

5. Service of process and of all case documents on Defendants by electronic mail to the email addresses associated with Defendants' Amazon storefronts is authorized pursuant to Federal Rule of Civil Procedure 4(f)(3) and shall constitute good and sufficient service.

6. The sealed Amended Schedule A and the sealed materials supporting Plaintiff's requests for injunctive relief shall remain UNDER SEAL until further order of the Court; provided that Plaintiff may serve this Order on Defendants and on the third parties identified in Paragraph 3 as necessary to effectuate the relief granted.

7. Security in the amount of $5,000 shall serve as the security for this Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(c).

8. This Preliminary Injunction shall remain in effect through the final resolution of this action or until further order of the Court.

IT IS SO ORDERED.

Dated: September 9, 2026

Joan H Lefkow

Joan H. Lefkow

United States District Judge