**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Wenzhou Chuyin Electronics Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br><br>Defendants. | Case No.: 1:26-cv-07324<br><br>Honorable Joan H. Lefkow<br><br>Magistrate Judge Daniel P. McLaughlin |

**PLAINTIFF'S MOTION FOR REASSIGNMENT OF A RELATED CASE UNDER LOCAL RULE 40.4 AND FOR CONSOLIDATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 42(a)**

Plaintiff Wenzhou Chuyin Electronics Co., Ltd. ("Plaintiff") respectfully moves, pursuant to Local Rule 40.4, for a finding that the action captioned *Wenzhou Chuyin Electronics Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-11163 (N.D. Ill.) (the "Later-Filed Action"), is related to this action and should be reassigned to this Court's calendar, and, upon reassignment, for consolidation of the two actions for pretrial purposes only under Federal Rule of Civil Procedure 42(a). In support, Plaintiff states as follows:

## I. BACKGROUND

1. Plaintiff owns U.S. Design Patent No. D1,109,423 S (the "D'423 Patent"), which claims the ornamental design for a cordless hair straightening comb. Plaintiff filed this action on June 23, 2026 against the online storefronts identified on the sealed Schedule A. Dkt. 1. On August 14, 2026, the Court entered a sealed temporary restraining order. Dkt. 14. On September 9, 2026, the Court entered a preliminary injunction order. Dkt. 26.

2. On September 14, 2026, Plaintiff filed the Later-Filed Action. It asserts the same D'423 Patent against ten online storefronts—eight operating on Amazon and two on Temu—none of which is a defendant in this action. A copy of the complaint in the Later-Filed Action is attached as Exhibit A.

3. Plaintiff filed the Later-Filed Action as a separate action, rather than seeking to add those storefronts as defendants here, because joinder of accused infringers in a single patent action is governed by 35 U.S.C. § 299 and because this action had already proceeded to a preliminary injunction. Plaintiff now asks that the two actions, which share the common issues described below, be handled by the same judge.

## II. THE ACTIONS ARE RELATED UNDER LOCAL RULE 40.4(a)

4. Two civil cases are related where, among other things, they "involve some of the same issues of fact or law." L.R. 40.4(a)(2). A motion for reassignment must "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a)." L.R. 40.4(c)(1). The points of commonality between this action and the Later-Filed Action are as follows.

5. *Same patent, same validity issue, same infringement standard.* Both actions are brought by the same plaintiff on the single ornamental-design claim of the same D'423 Patent. Both therefore present the same questions concerning the same single design claim of the same patent; the same pending ex parte reexamination of that claim (Control No. 90/016,019, ordered May 27, 2026); and the same ordinary-observer comparison under *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc).

6. *Same accused product family.* The accused products in both actions are battery-powered, cordless hair-straightening combs sold as portable styling devices. The accused

products in this action are marketed under the "Go Brush Pro" designation, and a majority of the accused listings in the Later-Filed Action use the same "Go Brush Pro" or "Go Brush" designation. The accused products in both actions share the same general configuration: an elongated, one-piece body with rounded ends; a rounded head at one end; and, on the front of the handle, a control area with a digital temperature readout and a single push button. Several accused products in each action are also offered in the same color combinations, including a black body with purple accents and a pink or lavender body.

7. *Same investigation and relief.* Plaintiff developed the evidence in both actions through the same investigative method—preserving each accused listing and the associated seller-profile information and completing a test purchase for shipment to Chicago, Illinois—and seeks in both actions the same forms of relief, including injunctive relief, a restraint of the proceeds of the accused sales, and expedited discovery directed to the same kinds of third parties, among them Amazon.com, Inc. and the payment processors that hold those proceeds.

## III. ALL CONDITIONS FOR REASSIGNMENT UNDER LOCAL RULE 40.4(b) ARE SATISFIED

8. Local Rule 40.4(b) permits reassignment of a related case where four conditions are met. Each is satisfied here.

9. First, both actions are pending in this Court. L.R. 40.4(b)(1).

10. Second, handling both actions before the same judge is likely to result in a substantial saving of judicial time and effort. L.R. 40.4(b)(2). In entering the temporary restraining order and the preliminary injunction in this action, the Court has already considered the D'423 Patent, the disclosed reexamination and the references on which it was ordered, the § 102(b)(1)(A) evidence, and the ordinary-observer comparison between the claimed design and

accused cordless combs of the product family described above. Dkt. 14; Dkt. 26. The Later-Filed Action presents those same issues and questions on overlapping facts. Absent reassignment, a second judge would have to take up the same patent, the same reexamination record, and the same product family anew, conduct the same ordinary-observer comparison, and supervise third-party discovery directed to substantially the same marketplaces and payment processors. Reassignment would also allow developments in the reexamination, such as a first Office Action, to be addressed once and consistently in both actions.

11. Third, this action has not progressed to a point where designating the Later-Filed Action as related would be likely to delay the proceedings in this action substantially. L.R. 40.4(b)(3). In this action, no Defendant has appeared, no answer has been filed, no discovery schedule has been entered, and no trial date has been set. Nothing in this Motion asks the Court to revisit the preliminary-injunction record in this action; the Later-Filed Action would proceed on its own record, including on any motion for a temporary restraining order or a preliminary injunction. Plaintiff asks that this action continue on its existing schedule and that no ruling in it be deferred pending reassignment or consolidation.

12. Fourth, the actions are susceptible of disposition in a single proceeding. L.R. 40.4(b)(4). The principal dispositive questions—the validity and scope of the single claim of the D'423 Patent, the effect of the reexamination, and whether an ordinary observer familiar with the prior art would find accused combs of the shared configuration described above substantially the same as the claimed design—are common to both actions and can be resolved on a coordinated record. The remaining defendant-specific questions, such as the listings, sales, and accounts associated with each storefront, are narrow and can be addressed storefront by storefront within coordinated proceedings, with a separate judgment entered in each action.

## IV. TIMING AND NOTICE UNDER LOCAL RULE 40.4(c)

13. Local Rule 40.4(c) provides that motions for reassignment "should not generally be filed until after the appearances of all parties have been filed in each of the proceedings involved." Plaintiff respectfully submits that filing now is appropriate. The defendants in both actions are overseas online storefronts, and none has appeared in either action. Awaiting appearances that may never be filed would defer the efficiencies described above while the two actions proceed before different judges. So that every party may respond on relatedness and reassignment, Plaintiff will serve this Motion on the defendants in both actions by the electronic means authorized in each action, and is filing in the Later-Filed Action a Notice of Filing attaching a copy of this Motion, as Local Rule 40.4(c) requires.

14. Plaintiff brings this Motion in good faith and not for purposes of delay or judge selection. Plaintiff files this Motion in the lowest-numbered case of the related set, as Local Rule 40.4(c) requires, and has identified the related action above so that the Court may evaluate the relationship between the two actions.

## V. THE ACTIONS SHOULD BE CONSOLIDATED FOR PRETRIAL PURPOSES UNDER RULE 42(a) UPON REASSIGNMENT

15. If the Later-Filed Action is reassigned, the Court may consolidate actions before it that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The common questions set out above satisfy that standard, and pretrial consolidation would avoid unnecessary cost and delay, duplicative proceedings, and the risk of inconsistent rulings on the same patent claim.

16. Plaintiff requests consolidation for pretrial purposes only, including scheduling, discovery and expedited discovery directed to third parties, and pretrial motion practice. Plaintiff

does not request consolidation for trial and requests that a separate judgment be entered in each action.

17. Consolidation would not merge the actions or make the defendants in one action parties to the other. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *See Hall v. Hall*, 584 U.S. 59 (2018) (cases consolidated under Rule 42(a) retain their separate identities). Each action would retain its own parties and proceed to its own judgment.

18. Nor would pretrial consolidation contravene 35 U.S.C. § 299. That statute limits the circumstances in which accused infringers "may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial." 35 U.S.C. § 299(a); *see id.* § 299(b). Plaintiff seeks neither: no defendant in either action would become a party to the other, and Plaintiff does not seek a consolidated trial. Any future request for consolidation for trial would be subject to § 299.

19. Pretrial consolidation would also serve the defendants' interests and the public interest. A single judge managing the related actions can set one coordinated schedule, avoid duplicative third-party subpoenas to the same marketplaces and payment processors, and ensure that any ruling concerning the pending reexamination applies uniformly rather than differently in parallel actions before different judges.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order: (1) finding that the Later-Filed Action is related to this action within the meaning of Local Rule 40.4(a)(2) and that all conditions for reassignment set forth in Local Rule 40.4(b) are satisfied; (2) forwarding that finding to the Executive Committee with a request that the Later-Filed Action be reassigned to this Court's calendar, pursuant to Local Rule 40.4(d); (3) upon reassignment,

consolidating the Later-Filed Action with this action for pretrial purposes only under Federal Rule of Civil Procedure 42(a), with each action retaining its separate identity and proceeding to a separate judgment; (4) directing that filings applicable to both actions be made in this action, No. 1:26-cv-07324, and noted on the docket of the Later-Filed Action; and (5) granting such further relief as the Court deems appropriate.

DATED: September 15, 2026

Respectfully submitted,

*/s/ Qin Zhuang*
Qin Zhuang
870 Sunset Ave, Haworth, NJ 07641
201-905-4195
zhuangqin@zhuangip.com
Counsel for Plaintiff